UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, ET AL., § § § § Plaintiffs, § § v. § CIVIL ACTION NO. 4:07-CV-00012 § JENNIFER SMITH, § § Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Summary Judgment Based on Deemed Admissions (Doc. No. 16), in which Plaintiffs ask the Court to grant summary judgment, award statutory damages in the amount of $13,500, issue an injunction preventing Defendant from further copyright infringement, and award costs in the amount of $350. After considering all filings and the applicable law, the Court finds that the motion should be **GRANTED** but declines to award costs to Plaintiffs.

I.   BACKGROUND

This copyright infringement case seeks redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. §§ 101, 106, 501-505. According to Plaintiffs, the copyright owners or licensees of exclusive rights to the copyrighted recordings in question, Defendant illegally distributed and continues to distribute Plaintiffs' recordings over the internet by way of an online media distribution system without Plaintiffs' permission.

From the outset of this case, Defendant has been unresponsive to both Plaintiffs and the Court. Defendant failed to file her Answer in a timely fashion, eventually answering only after Plaintiffs moved for default judgment. Defendant failed to respond to Plaintiffs' Motion to Compel Discovery (Doc. No. 12), which included Plaintiff's First Set of Requests for Admissions (Doc. No. 12, Ex. A), even after the Court issued an Order for Expedited Response to that motion (Doc. No. 13). As a result, the Court granted Plaintiff's Motion to Compel Discovery, and in so doing, deemed Defendant to have admitted Plaintiff's First Set of Requests for Admissions. (Order, Doc. No. 14.) Most recently, Defendant has failed to respond to Plaintiff's Motion for Summary Judgment (Doc. No. 16), filed more than two months ago.

It is the deemed admissions of fact that provide the basis for the instant Motion for Summary Judgment.[1] To date, Defendant has not filed a motion to withdraw or amend these admissions.

---

[1] Among others, Defendant has been deemed to admit to the following requests:

> **REQUEST FOR ADMISSION NO. 11:**
> Admit that each of the file names listed on Exhibit B to the Complaint accurately depicts the artist and title of the SOUND RECORDINGS actually contained within those files as they reside or resided on the COMPUTER.
> . . .
> **REQUEST FOR ADMISSION NO. 12:**
> Admit that YOU downloaded each of PLAINTIFFS' EXHIBIT A RECORDINGS onto the COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM.
> . . .
> **REQUEST FOR ADMISSION NO. 14:**
> Admit that each Plaintiff listed as owning a copyright in one or more of PLAINTIFFS' EXHIBIT A RECORDINGS on Exhibit A attached to the Complaint in this action, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.
> . . .
> **REQUEST FOR ADMISSION NO. 16:**
> Admit that each of PLAINTIFFS' EXHIBIT A RECORDINGS was duly registered with the United States Copyright Office prior to the first date on which YOU downloaded or MADE AVAILABLE each such SOUND RECORDING.
> . . .

## II. STANDARDS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, *and admissions on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (emphasis added) (quotations omitted). Matters deemed admitted under Rule 36 are an appropriate basis for granting summary judgment. *In re Carney*, 258 F.3d 415, 420 (5th Cir.

---

> **REQUEST FOR ADMISSION NO. 20:**
> Admit that each copyright registration for each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is valid.
> . . .
> **REQUEST FOR ADMISSION NO. 22:**
> Admit that none of Plaintiffs have ever authorized YOU to copy or download any of PLAINTIFFS' EXHIBIT A RECORDINGS onto a computer hard drive.
> . . .
> **REQUEST FOR ADMISSION NO. 24:**
> Admit that on or before the date of the filing of the Complaint in this action YOU MADE AVAILABLE PLAINTIFFS' EXHIBIT A RECORDINGS via an ONLINE MEDIA DISTRIBUTION SYSTEM.
> . . .
> **REQUEST FOR ADMISSION NO. 25:**
> Admit that none of Plaintiffs ever has authorized YOU to MAKE AVAILABLE PLAINTIFFS' EXHIBIT A RECORDINGS to be downloaded or copied onto the computer hard drive of any other PERSON.
> . . .
> **REQUEST FOR ADMISSION NO. 27:**
> Admit that after YOU received the Complaint in this action, you continued to download SOUND RECORDINGS to the COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM.
> . . .
> **REQUEST FOR ADMISSION NO. 28:**
> Admit that after YOU received the Complaint in this action, you continued to MAKE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM all of PLAINTIFFS' EXHIBIT A RECORDINGS.

(Pls.' First Set of Req. for Admis., Doc. No. 12, Ex. A, 5-9 (emphasis in original).)

2001). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.*

### B. Legal Standards

To establish infringement under the Copyright Act, Plaintiffs must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "Copyright infringement actions . . . ordinarily require no showing of intent to infringe. Instead, knowledge and intent are relevant in regard to damages." *Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000); *see also Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 645 (1999) ("Actions predicated on direct patent infringement . . . do not require any showing of intent to infringe; instead, knowledge and intent are considered only with respect to damages.").

## III. ANALYSIS

### A. Copyright Infringement

Based on Defendant's deemed admissions, the Court finds that no genuine issue of material fact exists, and that Plaintiffs are entitled to judgment as a matter of law. As to the first of the *Feist* elements, Defendant has admitted that Plaintiffs collectively own or control exclusive rights to the copyright in each of the sound recordings in issue, and that those copyrights were duly registered with the United States Copyright Office at the relevant time. As to the second *Feist* element, Defendant has admitted downloading and making available to others

online the sound recordings in issue without authorization. This constitutes unlawful copying as a matter of law. *See* 17 U.S.C. § 106(1), (3). No further proof is necessary, and no genuine issue of material fact exists.

**B.   Damages**

The Copyright Act allows a copyright owner to elect to receive statutory damages in lieu of actual damages and profits. 17 U.S.C. § 504(c)(1). Plaintiffs have so elected here, asking for an award of $750 for each of the eighteen recordings at issue (Pls.' Mot. Summ. J., Doc. No. 16, at 10), the minimum amount of statutory damages prescribed by the Copyright Act for cases of non-willful infringement, 17 U.S.C. § 504(c)(1).

Given that summary judgment has issued on the basis of deemed admissions, the Court agrees that minimum statutory damages in the amount of $750 for each recording, for a total of $13,500, is appropriate. Although the Court has discretion to reduce statutory damages below $750 in cases "where the infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright," 17 U.S.C. § 504(c)(2), Defendant has made no such showing in this case, and consequently, the Court lacks any basis for exercising its discretion in Defendant's favor.

**C.   Injunction**

The Copyright Act allows courts to grant "temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In this case, the Court is concerned that Defendant has proven herself unresponsive to the legal system and that she will continue to infringe Plaintiffs' copyrights, including both the recordings at issue here and other similar recordings, through the use of online media distribution systems. Such continued infringement would perpetuate the problems of unlawful online music

sharing, where sharing a single recording can result in innumerable illegal copies being made, and where the costs and practical difficulties of recovering monetary damages from infringers sufficient to compensate copyright holders can be overwhelming. In comparison, enjoining Defendant from future violations will work no hardship on Defendant so long as she refrains from future copyright infringement. Finally, it is unquestionable that the public has a strong interest in protecting copyrights, and that this interest is served by enjoining any future infringement by Defendant. The Court therefore enjoins Defendant to the extent requested by Plaintiffs, to wit:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

### D.  Costs

The Copyright Act allows the Court, "in its discretion," to "allow the recovery of full costs by or against any party . . . ." 17 U.S.C. § 505. As part of their summary judgment motion, Plaintiffs have requested costs of $350, the amount of their filing fee, for the purposes of deterring future copyright infringement, ensuring their equal access to the court to protect their works, penalizing Defendant, and increasing their compensation. (Pls.' Mot. Summ. J., Doc. No.

16, 15.) In the Court's judgment, however, the statutory damages award is penalty sufficient in this case. An additional penalty of $350 will do little to further the ends of deterrence, access to courts, punishment, or compensation. Indeed, the fact that Plaintiffs requested the statutory minimum damages and sought to recover on just 18 of the more than 1500 recordings that Defendant allegedly downloaded and shared illegally suggests that the damages already awarded are recovery enough.

### IV.   CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for Summary Judgment Based on Deemed Admissions is hereby **GRANTED**. It is **ORDERED** that Defendant shall pay Plaintiffs statutory damages in the amount of $13,500. Defendant is hereby **ENJOINED** as described herein. Plaintiffs' request for costs is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the ___7th___ day of January, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.